## SERVICES TO BE PAID FOR IN PART BY CORPORATION AND IN PART BY STOCKHOLDERS.

Circuit Court of Cuyahoga County.

E. W. ROBINSON v. H. E. WILLARD.*

Decided, March 11, 1907.

*Statute of Frauds—When Recovery May be Had Upon a Quantum Meruit.*

Where under a void parol contract for services with a corporation and with individual stockholders of the corporation, by which the corporation agreed to pay a certain sum and the stockholders other sums, plaintiff enters into the employment of the corporation and performs services, he can recover upon a *quantum meruit* as against the corporation but not as against the stockholders.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff was in the employ of the United States Coal Company, as the general superintendent of its mines under a five years parol contract with it and was to receive $8,500 per year for his service, of which said company was to pay $4,000 in cash, and the defendants, who were the stockholders and officers of said company, were to pay in stock of said corporation to the extent of three thousand dollars, at par, it being agreed that said stock had a value of $150 per share, making $4,500. This agreement with said individuals, stockholders and officers, was likewise in parol.

The plaintiff entered upon the discharge of his duties under said arrangement but was discharged at the end of eight months. He received his cash compensation from the company for said eight months at the rate agreed upon, but the individuals mentioned refused to give him a pro rate share of the stock mentioned, and so he brought this suit against them.

At the close of his evidence the trial judge dismissed his action, and now he is in this court for a review of that judgment.

---

*Affirmed without opinion, *Robinson* v. *Willard*, 78 Ohio State, 441.

The case seems simple.  The agreements of the corporation and of the individuals holding stock were void because of the statute of frauds.

Although the express contract between the parties was void, the plaintiff having given his time and services to the corporation, the law implies a contract between him and it that he should be paid therefor upon a *quantum meruit*.  No such implied contract arises between the plaintiff and the defendant stockholders.

To hold that the corporation as a separate entity is a mere fiction which can not be used to shield stockholders because they are all the stockholders, and as such entitled to all the benefits flowing from the plaintiff's services, would be to nullify the corporation statutes of the state and to remove all inducement to the organization of corporations.  This does not mean that the plaintiff has no remedy against the corporation, but it does mean that plaintiff has no right of action against the stockholders.  This would be conceded, if the defendants were not such stockholders.  The law, and not a fiction, is the shield of the defendants.

Judgment affirmed.